UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kenneth E. Green,                   :
                                    : NO. 1:99-cr-00117(1)
          Petitioner,               : Civil No. 1:04-cv-00649
                                    :
                                    : **OPINION AND ORDER**
    v.                              :
                                    :
                                    :
United States of America,           :
                                    :
          Respondent.               :
                                    :

        This matter is before the Court on Petitioner's Motion to
Reconsider Judgment (doc. 187), and the United States' Response in
Opposition (doc. 188).

        Petitioner requests the Court reconsider its October 12,
2005 Order in which it found Petitioner's Motion to Vacate his
sentence untimely, and in which it found no basis for equitable
tolling of the habeas corpus statute, 28 U.S.C. § 2255 (doc. 186).
The Court found that Petitioner exhausted his direct review of his
underlying sentence on February 21, 2003, such that he had one year
from that time to seek habeas review (Id.).  Petitioner filed his
motion on September 21, 2004, some seven months too late (Id.).

        Petitioner seeks reconsideration of the Court's previous
order based on what he alleges as his counsel's "abandonment,"
which left Petitioner to his own devices (doc. 187).  Petitioner
essentially alleges that due to ineffective assistance of counsel,
he should be entitled to equitable tolling of the statute of

limitations (Id.).

        The United States responds that under <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987), ineffective assistance of counsel does not apply to Petitioner's case because he has no right to counsel in the prosecution of a Section 2255 motion (doc. 188). The government further argues, citing <u>Brown v. United States</u>, 20 Fed. Appx. 373, 375 (6th Cir. 2001) that "Ignorance of the limitations period does not toll the limitations period" (Id.).

        Having reviewed this matter, the Court finds the government's position well-taken (doc. 188).  The record shows Petitioner was aware that his direct appeal had been denied in early 2003, but that he waited until September 21, 2004, some seven months after the one-year window of time closed for the filing of his habeas corpus petition, in order to bring such petition.  Under <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987), the Court is precluded from according Petitioner the relief he seeks on the basis that he was the alleged victim on ineffective assistance of counsel.  Petitioner had no right to counsel in prosecuting a Section 2255 motion.  Consequently, if his counsel was ineffective in informing Petitioner about the applicable statute of limitations, this simply is not a basis for tolling of the statute of limitations.

        Accordingly, the Court DENIES Petitioner's Motion to Reconsider Judgment (doc. 187) and DISMISSES this matter from the

-2-

Court's docket.

      SO ORDERED.

Dated: March 22, 2006      /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge