```
              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

|   |   |
|---|---|
| KENNETH E. GREEN, | No. 1:06-CV-00069 |
|  | No. 1:99-CR-00117(1) |
| Petitioner, |  |
|  |  |
| v. | **OPINION AND ORDER** |
|  |  |
| UNITED STATES OF AMERICA, |  |
|  |  |
| Respondent. |  |

This matter is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (doc. 190), Respondent's Response in Opposition (doc. 193), and Petitioner's Reply to the Response (doc. 184).

On May 31, 2000 a jury found Petitioner Kenneth Green guilty of conspiracy to distribute marijuana and attempt to possess with intent to distribute marijuana (doc. 173). He received two consecutively running sixty month sentences on December 14, 2000 (Id.).

Petitioner filed a Motion to Vacate on September 21, 2004 (doc. 173). He argued that the consecutive sentences violate the Double Jeopardy Clause of the Fifth Amendment and that he received inadequate legal counsel from his attorney David Scacchetti (Id.). Petitioner subsequently requested that the one-year time bar in 28 U.S.C. § 2255 be subject to equitable tolling (doc. 184). This

Court found the Petitioner's claims untimely and found no merit in his equitable tolling request (doc. 186). The Court found that Petitioner exhausted his direct review of his underlying sentence on February 21, 2003, such that he had one year from that time to seek habeas review (Id.). Petitioner filed his motion on September 21, 2004, some seven months too late (Id.).

On October 23, 2005 Petitioner filed a Motion to Reconsider the Court's judgment (doc. 187). Petitioner argued that he should be entitled to equitable tolling of the statute of limitations due to ineffective assistance of counsel (Id.). The Court held that Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), precludes the Court from according Petitioner the relief sought because he had no right to counsel in prosecuting a Section 2255 motion (doc. 196).

Prior to this ruling, Petitioner submitted a second Section 2255 Motion (doc. 190). Therein, Petitioner raises several new grounds on which he claims the motion should be granted, including 1) Petitioner's charge, conviction and sentence were the direct result of fraud, 2) Petitioner is innocent of the charges against him, 3) Petitioner's charge, conviction and sentence were in violation of statutory law, 4) Petitioner was not afforded his Fifth Amendment right to life and liberty, Due Process, or a speedy trial, and 5) Petitioner was not afforded his Ninth and Tenth Amendment rights to finality of punishment (Id.). Petitioner also

2

reasserts the claims denied in his October 23, 2005 Motion (Id.).

The Government responded on March 3, 2006 (doc. 193).  It contends that nothing has changed regarding Petitioner's failure to file a timely Section 2255 motion pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") (Id.).  Accordingly it requests that the Court reject Petitioner's motion (Id.).

Having reviewed this matter, the Court finds the Government's position well taken.  Title 28 U.S.C. Section 2255, paragraph 6 (Section 105) of AEDPA mandates that all motions for collateral relief be filed within a one-year period.  Petitioner's one year period of limitation began on February 21, 2003 after the finalization of his direct review.  Petitioner filed the instant Motion on February 10, 2006, nearly two years late (doc. 190).  Thus, the statute of limitations expired and, with the exception of Petitioner's claim of fraud on the court, the Court need not reach the merits of Petitioner's arguments.

As for Petitioner's argument, Federal Rule of Civil Procedure 60(b) enables a party to seek relief from a final judgment where fraud is present.  Gonzales v. Crosby, 125 S.Ct. 2641, 2646 (2005).  AEDPA did not expressly circumvent the operation of rule 60(b) (Id.).  The elements of fraud on the court sufficient to allow grant of relief from judgment are conduct (1) on the part of an officer of the court (2) that is directed to the

3

judicial machinery itself, (3) that is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth, (4) that is a positive averment or is concealment when one is under a duty to disclose, and (5) that deceives the court. Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993).

Petitioner contends that Government Counsel purposefully misled the Court through the submission of allegedly fraudulent evidence (doc. 190).  He directs the Court to consider the testimony of agent Brian Stine, who testified that no investigation had been conducted in reference to Petitioner, nor were statements from Michael Lynce, a co-defendant testifying as to Petitioner's involvement, confirmed by Drug Enforcement Agency or Federal Bureau of Investigation agents (Id.).  Petitioner argues that the testimony establishes that no more than fifteen minutes of investigation were directed at him and that the investigative operation was fraudulent (Id.).  His position is that the willful submission of fraudulent evidence "tainted" the jury and is a basis to grant the Motion to Vacate (Id.).

The Court finds Petitioner's fraud on the court argument lacking in merit.  Even if only fifteen minutes of investigation focused on the Petitioner, such small amount of time does not render the discovered evidence false or fraudulent.  Moreover, there is no indication that Government Counsel submitted the evidence in reckless disregard or willful blindness of the truth.

4

The Court finds no basis for Petitioner's claim that Government counsel or the evidence presented somehow deceived the Court.  The jury considered admissible evidence and entered a guilty verdict.

Accordingly, for the reasons indicated herein, the Court DENIES Petitioner's Motion to Vacate (doc. 190) and DISMISSES the case from the Court's docket.

SO ORDERED

Date: July 14, 2006                s/S. Arthur Spiegel
                                   S. Arthur Spiegel
                                   United States Senior District Judge